UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                    CASE NO. 6:14-bk-01832-CCJ

BIEBERLE ENTERPRISES,                     CHAPTER 11

INC., et al.,                             (Jointly Administered)


        Debtors.
_____/

### DEBTOR'S PLAN OF REORGANIZATION

### ARTICLE 1
### SUMMARY

This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") is being proposed by DARDA BIEBERLE and BIEBERLE ENTRPRISES, INC. (the "Debtors") pursuant to 11 U.S.C. § 1121.

> **All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claims. Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.**

### ARTICLE 2
### DEFINITIONS - INTERPRETATION - GENERAL PROVISIONS

2.01.  Definitions.  For purposes of this Plan, the following definitions shall apply unless the context clearly requires otherwise:

        a.    Administrative Expense shall mean a cost or expense of administration of the Chapter 11 Case allowed under §§ 503(b) and 507(a)(2) of the Bankruptcy Code.

b.      <u>Allowed</u> when used with respect to a Claim or Interest, shall mean a Claim or Interest (a) proof of which was filed with the Bankruptcy Court on or before the Bar Date, and (i) as to which no objection has been filed by the Objection Deadline, unless such Claim or Interest is to be determined in a forum other than the Bankruptcy Court, in which case such Claim or Interest shall not become allowed until determined by Final Order of such other forum and allowed by Final Order of the Bankruptcy Court; or (ii) as to which an objection was filed by the Objection Deadline, to the extent allowed by a Final Order; (b) allowed by a Final Order; or (c) listed in the Debtor's schedules filed in connection with this Chapter 11 Case and not identified as contingent, unliquidated, or disputed.

c.      <u>Bankruptcy Rules</u> mean the Federal Rules of Bankruptcy Procedure, as amended, and as supplemented by the Local Rules of Practice and Procedure of the Bankruptcy Court, as amended.

d.      <u>Bar Date</u> shall mean the date fixed by order of the Bankruptcy Court by which a proof of Claim or Interest must be filed against the Debtor.

e.      <u>Bankruptcy Code</u> shall mean 11 U.S.C. § 101, *et seq.*, and any amendments thereto.

f.      <u>Bankruptcy Court</u> shall mean the United States Bankruptcy Court, Middle District of Florida, Orlando Division, and any court having competent jurisdiction to hear appeals or certiorari proceedings therefrom.

g.      <u>Business Day</u> shall mean any day except Saturday, Sunday, or any legal holiday.

h.      <u>Chapter 11 Case</u> shall mean the above-referenced Chapter 11 reorganization case of the Debtor pending in the Bankruptcy Court.

i.      <u>Claim</u> shall mean, as defined in § 101(5) of the Bankruptcy Code: (a) any right to payment from the Debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or, (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from the Debtor, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

j.      <u>Class</u> means a group of Claims of Interests substantially similar to each other as classified under this Plan.

2

k.      Confirmation Date shall mean the date of entry of the Confirmation Order.

l.      Confirmation Order shall mean the order entered by the Bankruptcy Court confirming the Plan.

m.      Contested when used with respect to a Claim or Interest, shall mean a Claim or Interest that is not an Allowed Claim or Interest.

n.      Disallowed when used with respect to a Claim or Interest, shall mean a Claim or Interest to the extent 10 days has expired since it has been disallowed by order of the Bankruptcy Court, unless proper application for a stay of such order has been made within such 10 day period, in which case the Claim or Interest shall be disallowed 30 days after entry of the order disallowing such Claim or Interest, unless prior to the expiration of such period, a stay is obtained with respect to the order disallowing the Claim or Interest.

o.      Disclosure Statement means the disclosure statement that was filed by the Debtor pursuant to Bankruptcy Code § 1125 and any amendments thereto, including all exhibits.

p.      Distribution Date when used with respect to each Claim or Interest shall mean as soon as practicable after the later of (a) the Effective Date, or (b) the first Business Day of the next calendar month after the date upon which the Claim or Interest becomes an Allowed Claim or Interest, unless the Claim or Interest becomes an Allowed Claim or Interest within fifteen (15) days before the first Business Day of the next calendar month, in which case the Distribution Date shall be the first Business Day of the next succeeding calendar month.

q.      Effective Date shall mean: (a) if no stay of the Confirmation Order is in effect, then the 15th day after the Confirmation Order is entered, or (b) if a stay of the Confirmation Order is in effect, then the 15th day following the date the stay is vacated or any appeal, rehearing, remand or petition for certiorari is resolved in a manner that does not reverse or materially modify the Confirmation Order.

r.      Final Order means an order of the Bankruptcy Court, which order shall not have been reversed, stayed, modified or amended and the time to appeal from or to seek review or rehearing of such order shall have expired and which shall have become final in accordance with applicable law.

s.      Interest means equity interest in the Debtor, Bieberle Enterprises, Inc.

t.      Objection Deadline means the date by which objections to Claims and Interests must be filed with the Bankruptcy Court which shall be 30 days after the Confirmation Date, unless otherwise extended by the Bankruptcy Court.

u.      Petition Date shall mean March 18, 2014, in the individual case of Darda Bieberle and February 19, 2014, in the corporate case filed by Bieberle Enterprises, Inc.

v.      Plan shall mean this Chapter 11 plan, as amended in accordance with the terms hereof or modified in accordance with the Bankruptcy Code.

w.      Priority Non-Tax Claim shall mean a Claim entitled to priority pursuant to §§ 507(a)(3), 507(a)(4),  507(a)(5), 507(a)(6) or 507(a)(7) of the Bankruptcy Code.

x.      Priority Tax Claim shall mean a Claim entitled to priority pursuant to § 507(a)(8) of the Bankruptcy Code.

y.      Real Property shall mean all real property owned by both Debtors.

z.      Secured Claim shall mean a Claim secured by a lien against property in which the Debtor has an interest, or which is subject to setoff under § 553 of the Bankruptcy Code to the extent of the value (determined in accordance with § 506(a) of the Bankruptcy Code) of the interest of the holder of such Claim in the Debtor's interest in such property or to the extent of the amounts subject to such setoff, as the case may be.

aa.      Unsecured Claim means a Claim other than an Administrative Expense, a Priority Non-Tax Claim, a Priority Tax Claim, or a Secured Claim.

2.02      Bankruptcy Code Definitions.  Definitions in the Bankruptcy Code and Bankruptcy Rules shall be applicable to the Plan unless otherwise defined in the Plan. The rules of construction in Bankruptcy Code § 102 shall apply to the Plan.

2.03.      Interpretation.  Unless otherwise specified, all section, article and exhibit references in the Plan are to the respective section in, article of, or exhibit to, the Plan, as the same may be amended, waived, or modified from time to time.  The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the provisions hereof.  Words denoting the singular number shall include the plural number

4

and vice versa, and words denoting one gender shall include the other gender. As to contested matters, adversary proceedings, and other actions or threatened actions, this Plan and the Disclosure Statement shall not be construed as a stipulation or admission, but rather, as a statement made in settlement negotiations.

2.04. <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

2.05. <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

2.06. <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

2.07. <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE 3
## <u>CLASSIFICATION OF CLAIMS AND INTERESTS</u>

Claims against and Interests in the Debtors will be classified as follows except to the extent otherwise agreed.

Class 1 - Secured Claim of Midland Bank Relating to Property at 2440 and 2442 Fielding Court, Orlando, Florida

Class 2 - Secured Claim of Chase Bank Relating to Property at 2463 and 2465 Fielding Court, Orlando, Florida

Class 3 - Secured Claim of Chase Bank Relating to Property at 2472 and 2474 Fielding Court, Orlando, Florida

Class 4 - Secured Claim of Nationstar Bank Relating to Property at 4730 Southern Willow Lane, Orlando, Florida

Class 5 - Secured Claim of Nationstar Bank Relating to Property at 4736 Southern Willow Lane, Orlando, Florida

Class 6 - Secured Claim of Nationstar Bank Relating to Property at 4742 Southern Willow Lane, Orlando, Florida

Class 7 - Secured Claim of Ocwen Bank Relating to Property at 4746 Southern Willow Lane, Orlando, Florida

Class 8 - Secured Claim of Chase Bank Relating to Property at 4750 Southern Willow Lane, Orlando, Florida

Class 9 - Secured Claim of Chase Bank Relating to Property at 4754 Southern Willow Lane, Orlando, Florida

Class 10 - Secured Claim of Chase Bank Relating to Property at 2833 Bower Road, Winter Park, Florida

Class 11 - Secured Claim of Wells Fargo Bank Relating to Property at 2833 Bower Road, Winter Park, Florida

Class 12 - Secured Claim of Chase Bank Relating to Property at 129 Cornwall Road, Winter Park, Florida

Class 13 - Secured Claim of Wells Fargo Bank Relating to Property at 129 Cornwall Road, Winter Park, Florida

Class 14 - Secured Claim of BSI Relating to Property at 641 Roughbeard Road, Winter Park, Florida

Class 15 - Secured Claim of Chase Bank Relating to Property at 2940 Scarlet Road, Winter Park, Florida

Class 16 - Secured Claim of Wells Fargo Bank Relating to Property at 2940 Scarlet Road, Winter Park, Florida

Class 17 - Secured Claim of AHMSI Relating to Property at 222 Ranger Avenue, Winter Park, Florida

Class 18 - Secured Claim of Chase Bank Relating to Property at 2766 Cady Avenue, Winter Park, Florida

Class 19 - Secured Claim of Chase Bank Relating to Property at 1773 Walnut Avenue, Winter Park, Florida

Class 20 - Secured Claim of Wells Fargo Bank Relating to Property at 1773 Walnut Avenue, Winter Park, Florida

Class 21 - Secured Claim of Chase Bank Relating to Property at 1725 Aloma Avenue, Winter Park, Florida

Class 22 - Secured Claim of Chase Bank Relating to Property at 1820 Aloma Avenue, Winter Park, Florida

Class 23 - Secured Claim of Citibank Relating to Property at 3800 Sea Island Court, Orlando, Florida

Class 24 - Secured Claim of SES Relating to Property at 2618 Lafayette Avenue, Winter Park, Florida

Class 25 - Secured Claim of Chase Bank Relating to Property at 2001 Commerce Boulevard, Orlando, Florida

Class 26 - Secured Claim of SPS Relating to Property at 251 and 253 Concord Avenue, Casselberry, Florida

Class 27 - Secured Claim of Wells Fargo Bank Relating to Property at 3180 Pittman Road, Apopka, Florida

Class 28 - Secured Claim of Carrington Mortgage Relating to Property at 2606 Mandan Trail, Winter Park, Florida- ***Arrears Only***

Class 29 - Secured Claim of Carrington Mortgage Relating to Property at 2606 Mandan Trail, Winter Park, Florida- ***Principal***

Class 30 - Secured Claim of $5^{th}/3^{rd}$ Bank Relating to Property at 2606 Mandan Trail, Winter Park, Florida

Class 31 - Secured Claim of Wells Fargo Bank Relating to Property at 2606 Mandan Trail, Winter Park, Florida

Class 32 - Secured Claim of GreenTree Relating to Property at 2666 Fitzhugh Road, Winter Park, Florida

Class 33 - All Allowed Unsecured Claims.

Class 34 - Equity Interests in the Debtor.

## ARTICLE 4
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEE FEES, AND PRIORITY TAX CLAIMS

4.01    <u>Unclassified Claims</u>.  Under section § 1123(a)(1), administrative expense claims and priority tax claims are not in classes.

4.02    <u>Administrative Expense Claims</u>.  Each holder of an allowed administrative expense claim will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

4.03    <u>Priority Tax Claims</u>. Each holder of a priority tax claim will be paid in full in cash on the effective date of the Plan.

4.04    <u>United States Trustee Fees</u>.  All fees required to be paid by 28 U. S. C. § 1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE 5
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

A.    <u>Impaired Classes</u>.  Based on the treatment indicated below, the following classes of claims are **impaired** under the terms of the Plan:

5.01.  Impaired Secured Claims:

    1.    <u>Class 1 - Secured Claim of Midland Bank Relating to Property at 2440 and 2442 Fielding Court, Orlando, Florida.</u>

This loan from Midland Bank (the "Midland Loan") relates to property located at 2440 and 2442 Fielding Court, Orlando, Florida.  The obligor under the subject loan documents (the "Midland Loan Documents") is Darda Bieberle, individually.  Payments under the Midland Loan are current as of the time of

8

filing of the instant Disclosure Statement. Debtors adopt under the Plan the Midland Loan Documents except as to the interest rate thereunder, which is currently at 10% per annum. Under the Plan, the Midland Loan interest rate shall be modified and reduced to 2.242% per annum, which shall be the rate governing the Midland Loan Documents beginning on the Effective Date of the Plan. Midland Bank shall retain any and all liens it has against the aforesaid real property to the same extent, validity and priority provided in the Midland Loan Documents between Debtors and Midland Bank as existed pre-Petition.

    2.    <u>Class 2 - Secured Claim of Chase Bank Relating to Property at 2463 and 2465 Fielding Court, Orlando, Florida</u>

This loan from Chase Bank (the "First Chase Loan") relates to property located at 2463 and 2465 Fielding Court, Orlando, Florida. The obligor under the subject loan documents (the "First Chase Loan Documents") is Darda Bieberle, individually. Payments under the First Chase Loan are current as of the time of filing of the instant Disclosure Statement. Debtors adopt under the Plan the First Chase Loan Documents except as to the interest rate thereunder, which is currently at 7.125% per annum. Under the Plan, the First Chase Loan interest rate shall be modified and reduced to 2.242% per annum, which shall be the rate governing the First Chase Loan Documents beginning on the Effective Date of the Plan. Chase Bank shall retain any and all liens it has against the aforesaid real property to the same extent, validity and priority provided in the First Chase Loan Documents between the Debtors and Chase Bank as existed pre-Petition.

    3.    <u>Class 3 - Secured Claim of Chase Bank Relating to Property at 2472 and 2474 Fielding Court, Orlando, Florida</u>

This loan from Chase Bank (the "Second Chase Loan") relates to property located at 2472 and 2474 Fielding Court, Orlando, Florida. The obligor under the subject loan documents (the "Second Chase Loan Documents") is Darda Bieberle, individually. The Second Chase Loan has been modified by the parties pursuant to that certain Modification Agreement (the "Second Chase Loan Modification Agreement") dated on or about July, 2014. Debtors reaffirm and readopt under the Plan the Second Chase Loan Documents as modified by the Second Chase Loan Modification Agreement except as to the interest rate thereunder, which is currently at 7.00% per annum. Under the Plan, the Second Chase Loan interest rate shall be modified and reduced to 2.242% per annum, which shall be the rate governing the Second Chase Loan Documents, as modified by the Second Chase Loan Modification Agreement, beginning on the Effective Date of the Plan. Chase Bank shall retain any and all

liens it has against the aforesaid real property to the same extent, validity and priority provided in the Second Chase Loan Documents, as modified by the Second Chase Loan Modification Agreement, between the Debtors and Chase Bank as existed pre-Petition.

    4.    <u>Class 4 - Secured Claim of Nationstar Bank Relating to Property at 4730 Southern Willow Lane, Orlando, Florida</u>

This loan from Nationstar Bank (the "First Nationstar Loan") relates to property located at 4730 Southern Willow Lane, Orlando, Florida. The obligor under the subject loan documents (the "First Nationstar Loan Documents") is Bieberle Enterprises, Inc. Payments under the First Nationstar Loan are current as of the time of filing of the instant Disclosure Statement. Debtors adopt under the Plan the First Nationstar Loan Documents except as to the interest rate thereunder, which is currently at 8.875% per annum. Under the Plan, the First Nationstar Loan interest rate shall be modified and reduced to 2.242% per annum, which shall be the rate governing the First Nationstar Loan Documents beginning on the Effective Date of the Plan. Nationstar Bank shall retain any and all liens it has against the aforesaid real property to the same extent, validity and priority provided in the First Nationstar Loan Documents between the Debtors and Nationstar Bank as existed pre-Petition.

    5.    <u>Class 5 - Secured Claim of Nationstar Bank Relating to Property at 4736 Southern Willow Lane, Orlando, Florida</u>

This loan from Nationstar Bank (the "Second Nationstar Loan") relates to property located at 4736 Southern Willow Lane, Orlando, Florida. The obligor under the subject loan documents (the "Second Nationstar Loan Documents") is Bieberle Enterprises, Inc. Payments under the Second Nationstar Loan are current as of the time of filing of the instant Disclosure Statement. Debtors adopt under the Plan the Second Nationstar Loan Documents except as to the interest rate thereunder, which is currently at 8.875% per annum. Under the Plan, the Second Nationstar Loan interest rate shall be modified and reduced to 2.242% per annum, which shall be the rate governing the Second Nationstar Loan Documents beginning on the Effective Date of the Plan. Nationstar Bank shall retain any and all liens it has against the aforesaid real property to the same extent, validity and priority provided in the Second Nationstar Loan Documents between the Debtors and Nationstar Bank as existed pre-Petition.

6.     Class 6 - Secured Claim of Nationstar Bank Relating to Property at 4742 Southern Willow Lane, Orlando, Florida

This loan from Nationstar Bank (the "Third Nationstar Loan") relates to property located at 4742 Southern Willow Lane, Orlando, Florida. The obligor under the subject loan documents (the "Third Nationstar Loan Documents") is Bieberle Enterprises, Inc. Payments under the Third Nationstar Loan are current as of the time of filing of the instant Disclosure Statement. Debtors adopt under the Plan the Third Nationstar Loan Documents except as to the interest rate thereunder, which is currently at 8.875% per annum. Under the Plan, the Third Nationstar Loan interest rate shall be modified and reduced to 2.242% per annum, which shall be the rate governing the Third Nationstar Loan Documents beginning on the Effective Date of the Plan. Nationstar Bank shall retain any and all liens it has against the aforesaid real property to the same extent, validity and priority provided in the Third Nationstar Loan Documents between the Debtors and Nationstar Bank as existed pre-Petition.

7.     Class 7 - Secured Claim of Ocwen Bank Relating to Property at 4746 Southern Willow Lane, Orlando, Florida

This loan from Ocwen Bank (the "Ocwen Loan") relates to property located at 4746 Southern Willow Lane, Orlando, Florida. The obligor under the subject loan documents (the "Ocwen Loan Documents") is Bieberle Enterprises, Inc. The Ocwen Loan has been modified by the parties pursuant to that certain Modification Agreement (the "Ocwen Loan Modification Agreement") dated in or about August, 2013. Debtors reaffirm and readopt under the Plan the Ocwen Loan Documents as modified by the Ocwen Loan Modification Agreement except as to the interest rate thereunder, which is currently at 7.00% per annum. Under the Plan, the Ocwen Loan interest rate shall be modified and reduced to 2.242% per annum, which shall be the rate governing the Ocwen Loan Documents, as modified by the Ocwen Loan Modification Agreement, beginning on the Effective Date of the Plan. Ocwen Bank shall retain any and all liens it has against the aforesaid real property to the same extent, validity and priority provided in the Ocwen Loan Documents, as modified by the Ocwen Loan Modification Agreement, between the Debtors and Ocwen Bank as existed pre-Petition.

8.     Class 8 - Secured Claim of Chase Bank Relating to Property at 4750 Southern Willow Lane, Orlando, Florida

This loan from Chase Bank (the "Third Chase Loan") relates to property located at 4750 Southern Willow Lane, Orlando, Florida. The obligor under the

subject loan documents (the "Third Chase Loan Documents") is Bieberle Enterprises, Inc.  The Third Chase Loan has been modified by the parties pursuant to that certain Modification Agreement (the "Third Chase Loan Modification Agreement") dated in or about July, 2012.  Debtors reaffirm and readopt under the Plan the Third Chase Loan Documents as modified by the Third Chase Loan Modification Agreement except as to the interest rate thereunder, which is currently at 4.25% per annum.  Under the Plan, the Third Chase Loan interest rate shall be modified and reduced to 2.242% per annum, which shall be the rate governing the Third Chase Loan Documents, as modified by the Third Chase Loan Modification Agreement, beginning on the Effective Date of the Plan.  Chase Bank shall retain any and all liens it has against the aforesaid real property to the same extent, validity and priority provided in the Third Chase Loan Documents, as modified by the Third Chase Loan Modification Agreement, between Debtors and Chase Bank as existed pre-Petition.

   9.   Class 9 - Secured Claim of Chase Bank Relating to Property at 4754 Southern Willow Lane, Orlando, Florida

       This loan from Chase Bank (the "Fourth Chase Loan") relates to property located at 4754 Southern Willow Lane, Orlando, Florida.  The obligor under the subject loan documents (the "Fourth Chase Loan Documents") is Bieberle Enterprises, Inc.  Payments under the Fourth Chase Loan are current as of the time of filing of the instant Disclosure Statement.  Debtors adopt under the Plan the Fourth Chase Loan Documents except as to the interest rate thereunder, which is currently at 9.00% per annum.  Under the Plan, the Fourth Chase Loan interest rate shall be modified and reduced to 2.242% per annum, which shall be the rate governing the Fourth Chase Loan Documents beginning on the Effective Date of the Plan.  Chase Bank shall retain any and all liens it has against the aforesaid real property to the same extent, validity and priority provided in the Fourth Chase Loan Documents between the Debtors and  Chase Bank as existed pre-Petition.

   10.   Class 10 - Secured Claim of Chase Bank Relating to Property at 2833 Bower Road, Winter Park, Florida

       This loan from Chase Bank (the "Fifth Chase Loan") relates to property located at 2833 Bower Road, Winter Park, Florida.  The obligor under the subject loan documents (the "Fifth Chase Loan Documents") is Bieberle Enterprises, Inc.  The Fifth Chase Loan has been modified by the parties pursuant to that certain Modification Agreement (the "Fifth Chase Loan Modification Agreement") dated on or about November, 2012.  Debtors

12

reaffirm and readopt under the Plan the Fifth Chase Loan Documents as modified by the Fifth Chase Loan Modification Agreement except as to the interest rate thereunder, which is currently at 9.00% per annum.  Under the Plan, the Fifth Chase Loan interest rate shall be modified and reduced to 2.242% per annum, which shall be the rate governing the Fifth Chase Loan Documents, as modified by the Fifth Chase Loan Modification Agreement, beginning on the Effective Date of the Plan.  Chase Bank shall retain any and all liens it has against the aforesaid real property to the same extent, validity and priority provided in the Fifth Chase Loan Documents, as modified by the Fifth Chase Loan Modification Agreement, between the Debtors and Chase Bank as existed pre-Petition.

    11.   <u>Class 11 - Secured Claim of Wells Fargo Bank Relating to Property at 2833 Bower Road, Winter Park, Florida</u>

This loan from Wells Fargo Bank (the "First Wells Fargo Loan") relates to a second mortgage on the property located at 2833 Bower Road, Winter Park, Florida.  The obligor under the subject loan documents (the "First Wells Fargo Loan Documents") is Bieberle Enterprises, Inc.  Payments under the First Wells Fargo Loan are current as of the time of filing of the instant Disclosure Statement.  Debtors adopt under the Plan the First Wells Fargo Loan Documents except as to the interest rate thereunder, which is currently at 4.25% per annum.  Under the Plan, the First Wells Fargo Loan interest rate shall be modified and reduced to 2.242% per annum, which shall be the rate governing the First Wells Fargo Loan Documents beginning on the Effective Date of the Plan.  Wells Fargo Bank shall retain any and all liens it has against the aforesaid real property to the same extent, validity and priority provided in the First Wells Fargo Loan Documents between the Debtors and Wells Fargo Bank as existed pre-Petition.

    12.   <u>Class 12 - Secured Claim of Chase Bank Relating to Property at 129 Cornwall Road, Winter Park, Florida</u>

This loan from Chase Bank (the "Sixth Chase Loan") relates to property located at 129 Cornwall Road, Winter Park, Florida.  The obligor under the subject loan documents (the "Sixth Chase Loan Documents") is Bieberle Enterprises, Inc.  The Sixth Chase Loan has been modified by the parties pursuant to that certain Modification Agreement (the "Sixth Chase Loan Modification Agreement") dated in or about January, 2014.  Debtors reaffirm and readopt under the Plan the Sixth Chase Loan Documents as modified by the Sixth Chase Loan Modification Agreement except as to the interest rate thereunder, which is currently at 4.913% per annum.  Under the Plan, the Sixth

Chase Loan interest rate shall be modified and reduced to 2.242% per annum, which shall be the rate governing the Sixth Chase Loan Documents, as modified by the Sixth Chase Loan Modification Agreement, beginning on the Effective Date of the Plan.  Chase Bank shall retain any and all liens it has against the aforesaid real property to the same extent, validity and priority provided in the Sixth Chase Loan Documents, as modified by the Sixth Chase Loan Modification Agreement, between the Debtors and Chase Bank as existed pre-Petition.

13.    Class 13 - Secured Claim of Wells Fargo Bank Relating to Property at 129 Cornwall Road, Winter Park, Florida

This loan from Wells Fargo Bank (the "Second Wells Fargo Loan") relates to a second mortgage on the property located at 129 Cornwall Road, Winter Park, Florida.  The obligor under the subject loan documents (the "Second Wells Fargo Loan Documents") is Bieberle Enterprises, Inc.  Payments under the Second Wells Fargo Loan are current as of the time of filing of the instant Disclosure Statement.  Debtors adopt under the Plan the Second Wells Fargo Loan Documents except as to the interest rate thereunder, which is currently at 4.50% per annum.  Under the Plan, the Second Wells Fargo Loan interest rate shall be modified and reduced to 2.242% per annum, which shall be the rate governing the Second Wells Fargo Loan Documents beginning on the Effective Date of the Plan.  Wells Fargo Bank shall retain any and all liens it has against the aforesaid real property to the same extent, validity and priority provided in the Second Wells Fargo Loan Documents between the Debtors and Wells Fargo Bank as existed pre-Petition.

14.    Class 14 - Secured Claim of BSI Relating to Property at 641 Roughbeard Road, Winter Park, Florida

This loan from BSI (the "BSI Loan") relates to a second mortgage on the property located at 641 Roughbeard Road, Winter Park, Florida.  The obligor under the subject loan documents (the "BSI Loan Documents") is Bieberle Enterprises, Inc.  Payments under the BSI Loan are delinquent and no modification agreement is in place.  Under the Plan, the BSI Loan will be recapitalized and that recapitalized amount, which totals $293,090.68 pursuant to the Proof of Claim filed herein by BSI (Claim No. 3 in the Bieberle Enterprises, Inc. case), will be amortized over forty (40) years at 2.242% per annum, at a month payment of $925.32, beginning on the Effective Date.[1]  BSI

---

[1] A confirmation hearing has not yet been set in the case.  For purposes of the treatment of this claim, the Debtors have estimated an Effective Date of January 1, 2015.

shall retain any and all liens it has against the aforesaid real property to the same extent, validity and priority provided in the BSI Loan Documents between the Debtors and BSI as existed pre-Petition.

15.    Class 15 - Secured Claim of Chase Bank Relating to Property at 2940 Scarlet Road, Winter Park, Florida

This loan from Chase Bank (the "Seventh Chase Loan") relates to property located at 2940 Scarlet Road, Winter Park, Florida.  The obligor under the subject loan documents (the "Seventh Chase Loan Documents") is Bieberle Enterprises, Inc.  Payments under the Seventh Chase Loan are current as of the time of filing of the instant Disclosure Statement.  Debtors adopt under the Plan the Seventh Chase Loan Documents except as to the interest rate thereunder, which is currently at 3.228% per annum.  Under the Plan, the Seventh Chase Loan interest rate shall be modified and reduced to 2.242% per annum, which shall be the rate governing the Seventh Chase Loan Documents beginning on the Effective Date of the Plan.  Chase Bank shall retain any and all liens it has against the aforesaid real property to the same extent, validity and priority provided in the Seventh Chase Loan Documents between the Debtors and Chase Bank as existed pre-Petition.

16.    Class 16 - Secured Claim of Wells Fargo Bank Relating to Property at 2940 Scarlet Road, Winter Park, Florida

This loan from Wells Fargo Bank (the "Third Wells Fargo Loan") relates to a second mortgage on the property located at 2940 Scarlet Road, Winter Park, Florida.  The obligor under the subject loan documents (the "Third Wells Fargo Loan Documents") is Bieberle Enterprises, Inc.  Payments under the Third Wells Fargo Loan are current as of the time of filing of the instant Disclosure Statement.  Debtors adopt under the Plan the Third Wells Fargo Loan Documents except as to the interest rate thereunder, which is currently at 4.25% per annum.  Under the Plan, the Third Wells Fargo Loan interest rate shall be modified and reduced to 2.242% per annum, which shall be the rate governing the Third Wells Fargo Loan Documents beginning on the Effective Date of the Plan.  Wells Fargo Bank shall retain any and all liens it has against the aforesaid real property to the same extent, validity and priority provided in the Third Wells Fargo Loan Documents between the Debtors and Wells Fargo Bank as existed pre-Petition.

15

17.    Class 17 - Secured Claim of AHMSI Relating to Property at 222
       Ranger Avenue, Winter Park, Florida

This loan from AHMSI (the "AHMSI Loan") relates to property located at 222 Ranger Avenue, Winter Park, Florida.  The obligor under the subject loan documents (the "AHMSI Loan Documents"), and the party in whose name title to the subject property currently rests, is Darda Bieberle's former spouse, Wendy Bieberle.  However, under the Marital Settlement Agreement between the parties (the "MSA"), title to the subject property passed to Darda Bieberle, and he has an interest in the subject property that may be treated under the herein Plan.  In addition, it is Darda Bieberle who makes the payments to AHMSI on a monthly basis.  The AHMSI Loan has been modified by the parties pursuant to that certain Modification Agreement (the "AHMSI Loan Modification Agreement") dated in or about June, 2014.  Debtors reaffirm and readopt under the Plan the AHMSI Loan Documents as modified by the AHMSI Loan Modification Agreement except that: (i) Bieberle Enterprises, Inc. shall be substituted in as obligor under the AHMSI Loan Documents; (ii) Wendy Bieberle shall be released of any obligation relating to the AHMSI Loan; and (iii) the interest rate thereunder, which is currently at 7.70% per annum, shall, under the Plan, be modified and reduced to 2.242% per annum, which shall be the rate governing the AHMSI Loan Documents, as modified by the AHMSI Loan Modification Agreement, beginning on the Effective Date of the Plan.  AHMSI shall retain any and all liens it has against the aforesaid real property to the same extent, validity and priority provided in the AHMSI Loan Documents, as modified by the AHMSI Loan Modification Agreement, between the Debtors and AHMSI as existed pre-Petition.

18.    Class 18 - Secured Claim of Chase Bank Relating to Property at
       2766 Cady Avenue, Winter Park, Florida

This loan from Chase Bank (the "Eighth Chase Loan") relates to property located at 2766 Cady Avenue, Winter Park, Florida.  The obligor under the subject loan documents (the "Eighth Loan Documents") is Bieberle Enterprises, Inc.  The Eighth Chase Loan has been modified by the parties pursuant to that certain Modification Agreement (the "Eighth Chase Loan Modification Agreement") dated in or about February, 2013.  Debtors reaffirm and readopt under the Plan the Eighth Chase Loan Documents as modified by the Eighth Chase Loan Modification Agreement, including rate of 2.242% per annum.  Chase Bank shall retain any and all liens it has against the aforesaid real property to the same extent, validity and priority provided in the Eighth Chase Loan Documents, as modified by the Eighth Chase Loan Modification Agreement, between the Debtors and Chase Bank as existed pre-Petition.

19.    <u>Class 19 - Secured Claim of Chase Bank Relating to Property at 1773 Walnut Avenue, Winter Park, Florida</u>

This loan from Chase Bank (the "Ninth Chase Loan") relates to property located at 1773 Walnut Avenue, Winter Park, Florida. The obligor under the subject loan documents (the "Ninth Chase Loan Documents") is Bieberle Enterprises, Inc. Payments under the Ninth Chase Loan are current as of the time of filing of the instant Disclosure Statement. Debtors adopt under the Plan the Ninth Chase Loan Documents except as to the interest rate thereunder, which is currently at 7.75% per annum. Under the Plan, the Ninth Chase Loan interest rate shall be modified and reduced to 2.242% per annum, which shall be the rate governing the Ninth Chase Loan Documents beginning on the Effective Date of the Plan. Chase Bank shall retain any and all liens it has against the aforesaid real property to the same extent, validity and priority provided in the Ninth Chase Loan Documents between the Debtors and Chase Bank as existed pre-Petition.

20.    <u>Class 20 - Secured Claim of Wells Fargo Bank Relating to Property at 1773 Walnut Avenue, Winter Park, Florida</u>

This loan from Wells Fargo Bank (the "Fourth Wells Fargo Loan") relates to a second mortgage on the property located at 1773 Walnut Avenue, Winter Park, Florida. The obligor under the subject loan documents (the "Fourth Wells Fargo Loan Documents") is Bieberle Enterprises, Inc. Payments under the Fourth Wells Fargo Loan are current as of the time of filing of the instant Disclosure Statement. Debtors adopt under the Plan the Fourth Wells Fargo Loan Documents except as to the interest rate thereunder, which is currently at 4.25% per annum. Under the Plan, the Fourth Wells Fargo Loan interest rate shall be modified and reduced to 2.242% per annum, which shall be the rate governing the Fourth Wells Fargo Loan Documents beginning on the Effective Date of the Plan. Wells Fargo Bank shall retain any and all liens it has against the aforesaid real property to the same extent, validity and priority provided in the Fourth Wells Fargo Loan Documents between the Debtors and Wells Fargo Bank as existed pre-Petition.

21.    <u>Class 21 - Secured Claim of Chase Bank Relating to Property at 1725 Aloma Avenue, Winter Park, Florida</u>

This loan from Chase Bank (the "Tenth Chase Loan") relates to property located at 1725 Aloma Avenue, Winter Park, Florida. The obligor under the subject loan documents (the "Tenth Chase Loan Documents") is Bieberle

Enterprises, Inc. The Tenth Chase Loan has been modified by the parties pursuant to that certain Modification Agreement (the "Tenth Chase Loan Modification Agreement") dated in or about December, 2012. Debtors reaffirm and readopt under the Plan the Tenth Chase Loan Documents as modified by the Tenth Chase Loan Modification Agreement except as to the interest rate thereunder, which is currently at 6.50% per annum. Under the Plan, the Tenth Chase Loan interest rate shall be modified and reduced to 2.242% per annum, which shall be the rate governing the Tenth Chase Loan Documents, as modified by the Tenth Chase Loan Modification Agreement, beginning on the Effective Date of the Plan. Chase Bank shall retain any and all liens it has against the aforesaid real property to the same extent, validity and priority provided in the Tenth Chase Loan Documents, as modified by the Tenth Chase Loan Modification Agreement, between the Debtors and Chase Bank as existed pre-Petition.

> 22. Class 22 - Secured Claim of Chase Bank Relating to Property at 1820 Aloma Avenue, Winter Park, Florida

This loan from Chase Bank (the "Eleventh Chase Loan") relates to property located at 1820 Aloma Avenue, Winter Park, Florida. The obligor under the subject loan documents (the "Eleventh Chase Loan Documents") is Bieberle Enterprises, Inc. The Eleventh Chase Loan has been modified by the parties pursuant to that certain Modification Agreement (the "Eleventh Chase Loan Modification Agreement") dated in or about January, 2013. Debtors reaffirm and readopt under the Plan the Eleventh Chase Loan Documents as modified by the Eleventh Chase Loan Modification Agreement except as to the interest rate thereunder, which is currently at 3.31% per annum. Under the Plan, the Eleventh Chase Loan interest rate shall be modified and reduced to 2.242% per annum, which shall be the rate governing the Eleventh Chase Loan Documents, as modified by the Eleventh Chase Loan Modification Agreement, beginning on the Effective Date of the Plan. Chase Bank shall retain any and all liens it has against the aforesaid real property to the same extent, validity and priority provided in the Eleventh Chase Loan Documents, as modified by the Eleventh Chase Loan Modification Agreement, between the Debtors and Chase Bank as existed pre-Petition.

> 23. Class 23 - Secured Claim of Citibank Relating to Property at 3800 Sea Island Court, Orlando, Florida

This loan from Citibank (the "Citibank Loan") relates to property located at 3800 Sea Island Court, Orlando, Florida. The obligor under the subject loan documents (the "Citibank Loan Documents") is Bieberle

18

Enterprises, Inc.  The Citibank Loan has been modified by the parties pursuant to that certain Modification Agreement (the "Citibank Loan Modification Agreement") dated in or about December, 2012.  Debtors reaffirm and readopt under the Plan the Citibank Loan Documents as modified by the Citibank Loan Modification Agreement except as to the interest rate thereunder, which is currently at 4.25% per annum.  Under the Plan, the Citibank Loan interest rate shall be modified and reduced to 2.242% per annum, which shall be the rate governing the Citibank Loan Documents, as modified by the Citibank Loan Modification Agreement, beginning on the Effective Date of the Plan.  Citibank shall retain any and all liens it has against the aforesaid real property to the same extent, validity and priority provided in the Citibank Loan Documents, as modified by the Citibank Loan Modification Agreement, between the Debtors and Citibank as existed pre-Petition.

    24.    <u>Class 24 - Secured Claim of SES Relating to Property at 2618 Lafayette Avenue, Winter Park, Florida</u>

This loan from SES (the "SES Loan") relates to property located at 2618 Lafayette Avenue, Winter Park, Florida.  The obligor under the subject loan documents (the "SES Loan Documents") is Darda Bieberle, individually.  The SES Loan has been modified by the parties pursuant to that certain Modification Agreement (the "SES Loan Modification Agreement") dated in or about January, 2013.  Debtors reaffirm and readopt under the Plan the SES Loan Documents as modified by the SES Loan Modification Agreement except as to the interest rate thereunder, which is currently at 4.75% per annum.  Under the Plan, the SES Loan interest rate shall be modified and reduced to 2.242% per annum, which shall be the rate governing the SES Loan Documents, as modified by the SES Loan Modification Agreement, beginning on the Effective Date of the Plan.  SES shall retain any and all liens it has against the aforesaid real property to the same extent, validity and priority provided in the SES Loan Documents, as modified by the SES Loan Modification Agreement, between the Debtors and SES as existed pre-Petition.

    25.    <u>Class 25 - Secured Claim of Chase Bank Relating to Property at 2001 Commerce Boulevard, Orlando, Florida</u>

This loan from Chase Bank (the "Twelfth Chase Loan") relates to property located at 2001 Commerce Boulevard, Orlando, Florida.  The obligor under the subject loan documents (the "Twelfth Chase Loan Documents") is Bieberle Enterprises, Inc.  The Twelfth Chase Loan has been modified by the parties pursuant to that certain Modification Agreement (the "Twelfth Chase Loan Modification Agreement") dated in or about February, 2014.  Debtors

reaffirm and readopt under the Plan the Twelfth Chase Loan Documents as modified by the Twelfth Chase Loan Modification Agreement except as to the interest rate thereunder, which is currently at 7.25% per annum.  Under the Plan, the Twelfth Chase Loan interest rate shall be modified and reduced to 2.242% per annum, which shall be the rate governing the Twelfth Chase Loan Documents, as modified by the Twelfth Chase Loan Modification Agreement, beginning on the Effective Date of the Plan.  Chase Bank shall retain any and all liens it has against the aforesaid real property to the same extent, validity and priority provided in the Twelfth Chase Loan Documents, as modified by the Twelfth Chase Loan Modification Agreement, between the Debtors and Chase Bank as existed pre-Petition.

26.     Class 26 - Secured Claim of SPS Relating to Property at 251 and 253 Concord Avenue, Casselberry, Florida

This loan from SPS (the "SPS Loan") relates to property located at 251 and 253 Concord Avenue, Casselberry, Florida.  The obligor under the subject loan documents (the "SPS Loan Documents") is Darda Bieberle, individually. Payments under the SPS Loan are current as of the time of filing of the instant Disclosure Statement.  Debtors adopt under the Plan the SPS Loan Documents except as to the interest rate thereunder, which is currently at 9.275% per annum.  Under the Plan, the SPS Loan interest rate shall be modified and reduced to 2.242% per annum, which shall be the rate governing the SPS Loan Documents beginning on the Effective Date of the Plan.  SPS shall retain any and all liens it has against the aforesaid real property to the same extent, validity and priority provided in the SPS Loan Documents between the Debtors and SPS as existed pre-Petition.

27.     Class 27 - Secured Claim of Wells Fargo Bank Relating to Property at 3180 Pittman Road, Apopka, Florida

This loan from Wells Fargo Bank (the "Fifth Wells Fargo Loan") relates to property located at 3180 Pittman Road, Apopka, Florida.  The obligor under the subject loan documents (the "Fifth Wells Fargo Loan Documents") is Darda Bieberle, individually.  Payments under the Fifth Wells Fargo Loan are current as of the time of filing of the instant Disclosure Statement.  Debtors adopt under the Plan the Fifth Wells Fargo Loan Documents except as to the interest rate thereunder, which is currently at 6.00% per annum.  Under the Plan, the Fifth Wells Fargo Loan interest rate shall be modified and reduced to 2.242% per annum, which shall be the rate governing the Fifth Wells Fargo Loan Documents beginning on the Effective Date of the Plan.  Wells Fargo Bank shall retain any and all liens it has against the aforesaid real property to the same

extent, validity and priority provided in the Fifth Wells Fargo Loan Documents between the Debtors and Wells Fargo Bank as existed pre-Petition.

28.    Class 28 - Secured Claim of Carrington Mortgage Relating to Property at 2606 Mandan Trail, Winter Park, Florida- ***Arrears Only***

This loan from Carrington Mortgage (the "Carrington Loan") relates to property located at 2606 Mandan Trail, Winter Park, Florida, which is the Debtor, Darda Bieberle's, homestead property.  The obligor under the subject loan documents (the "Carrington Loan Documents") is Darda Bieberle, individually.  Payments under the Carrington Loan are delinquent going back to November, 2011, and no modification agreement is in place.  The arrears under the Carrington Loan are estimated to be $65,000.00 (no Proof of Claim has yet been filed).  Under the Plan, said arrears will be amortized over five (5) years at the contract rate of interest of 3.125% per annum, at a month payment of $1,171.58 beginning on the Effective Date.[2]  Carrington shall retain any and all liens it has against the aforesaid real property to the same extent, validity and priority provided in the Carrington Loan Documents between the Debtors and Carrington as existed pre-Petition.

29.    Class 32 - Secured Claim of GreenTree Relating to Property at 2666 Fitzhugh Road, Winter Park, Florida

This loan currently held by GreenTree Servicing (the "GreenTree Loan") relates to property located at 2666 Fitzhugh Road, Winter Park, Florida.  The obligor under the subject loan documents (the "GreenTree Loan Documents"), and the party in whose name title to the subject property currently rests, is Darda Bieberle's mother, Henrietta Bieberle, who has since passed away.  The property is the subject of a foreclosure proceeding in the case styled as: *Bank of America v. Unknown Spouses, Heirs claiming against Henrietta J. Bieberle, et al.*, Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, Case No. 2011-CA-017461-O.  However, as an heir, Darda Bieberle has an interest in the subject property that may be treated under the herein Plan.  Payments under the GreenTree Loan are delinquent and no modification agreement is in place.  Under the Plan, the GreenTree Loan will be recapitalized and that recapitalized amount, which totals $167,702.50 based upon GreenTree's Proof of Claim, will be amortized over forty (40) years at 2.242% per annum, at a month payment of $529.45, beginning on the Effective

---

[2] A confirmation hearing has not yet been set in the case.  For purposes of the treatment of this claim, the Debtors have estimated an Effective Date of January 1, 2015.

Date.[3]  GreenTree shall retain any and all liens it has against the aforesaid real property to the same extent, validity and priority provided in the GreenTree Loan Documents between the Debtors and GreenTree (or its predecessor) as existed pre-Petition.

5.02    Class 33 – All Allowed Unsecured Claims

The Debtors will pay unsecured creditors in full as follows: all allowed unsecured claims will be paid in full on the ten (10) anniversary of the Effective Date.[4]

B.    Unimpaired Classes.  Based on the treatment indicated, the following classes of claims are **unimpaired** under the terms of the Plan:

1.    Class 29 - Secured Claim of Carrington Mortgage Relating to Property at 2606 Mandan Trail, Winter Park, Florida- ***Principal***

Payments under the Carrington Loan will resume on the Effective Date.[5] All terms of the Carrington Loan Documents are adopted under the Plan. Carrington shall retain any and all liens it has against the aforesaid real property to the same extent, validity and priority provided in the Carrington Loan Documents between the Debtors and Carrington as existed pre-Petition.

2.    Class 30 - Secured Claim of $5^{th}/3^{rd}$ Bank Relating to Property at 2606 Mandan Trail, Winter Park, Florida

This loan from $5^{th}/3^{rd}$ Bank (the "$5^{th}/3^{rd}$ Loan") relates to a second mortgage on the property located at 2606 Mandan Trail, Winter Park, Florida. The obligor under the subject loan documents (the "$5^{th}/3^{rd}$ Loan Documents") is Darda Bieberle, individually.  Payments under the $5^{th}/3^{rd}$ Loan are current as of the time of filing of the instant Disclosure Statement.  Debtors adopt under the Plan the $5^{th}/3^{rd}$ Loan Documents.  Fifth/Third Bank shall retain any and all liens it has against the aforesaid real property to the same extent, validity and priority provided in the $5^{th}/3^{rd}$ Loan Documents between the Debtors and $5^{th}/3^{rd}$ Bank as existed pre-Petition.

---

[3] A confirmation hearing has not yet been set in the case.  For purposes of the treatment of this claim, the Debtors have estimated an Effective Date of January 1, 2015.
[4] A confirmation hearing has not yet been set in the case.  For purposes of the treatment of this claim, the Debtors have estimated an Effective Date of January 1, 2015.
[5] A confirmation hearing has not yet been set in the case.  For purposes of the treatment of this claim, the Debtors have estimated an Effective Date of January 1, 2015.

3. <u>Class 31 - Secured Claim of Wells Fargo Bank Relating to Property at 2606 Mandan Trail, Winter Park, Florida</u>

This loan from Wells Fargo Bank (the "Sixth Wells Fargo Loan") relates to a third mortgage on the property located at 2606 Mandan Trail, Winter Park, Florida.  The obligor under the subject loan documents (the "Sixth Wells Fargo Loan Documents") is Darda Bieberle, individually.  Payments under the Sixth Wells Fargo Loan are current as of the time of filing of the instant Disclosure Statement.  Debtors adopt under the Plan the Sixth Wells Fargo Loan Documents.  Wells Fargo Bank shall retain any and all liens it has against the aforesaid real property to the same extent, validity and priority provided in the Sixth Wells Fargo Loan Documents between the Debtors and Wells Fargo Bank as existed pre-Petition.

5.03  Class 5 – <u>Equity Interests in the Debtor, Bieberle Enterprises, Inc.</u>

The legal, equitable and contractual rights of the holders of equity interests will be unaltered by the Plan.

**ARTICLE 6**
**ALLOWANCE AND DISALLOWANCE OF CLAIMS**

6.01    <u>Disputed Claim</u>.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtors or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtors have scheduled such claim as disputed, contingent, or unliquidated.

6.02    <u>Delay of Distribution on a Disputed Claim</u>.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

6.03    <u>Settlement of Disputed Claims</u>.  The Debtors will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

**ARTICLE 7**
**PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

7.01    Assumed Executory Contracts and Unexpired Leases.    The Debtors assume the following executory contracts and/or unexpired leases effective upon the Effective Date of this Plan:

NONE

7.02    Rejected Executory Contracts and Unexpired Leases.    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 7.01 above.    A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

**ARTICLE 8**
**MEANS FOR IMPLEMENTATION OF THE PLAN**

8.01    Funding and Implementation of the Plan.    All payments due under this Plan will be funded from proceeds from the sale of the Real Property.

8.02    Continued Existence.    The Debtor, Bieberle Enterprises, Inc., shall continue to exist after the effective date as a Corporation in accordance with the laws of the State of Florida.

8.03    Management. Darda Bieberle will continue to act as the President of Bieberle Enterprises, Inc. and will receive compensation post-confirmation as determined by Bieberle Enterprises, Inc.

8.04    Restated Articles of Organization.    The operating agreement, if any, of Bieberle Enterprises, Inc. shall be amended as necessary to satisfy the provisions of the Plan and Bankruptcy Code.

8.05    Revesting of Assets.    The property of the estate of the Debtors shall revest in the Debtors on the Effective Date, [6] except as otherwise provided in the Plan.    On and after the Effective Date, the Debtors may operate their business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code.    As of the Effective Date, all property of the Debtors shall be free and clear of all Claims and Interests, except as specifically provided in the Plan.

---

[6] A confirmation hearing has not yet been set in the case.  For purposes of the treatment of this claim, the Debtors have estimated an Effective Date of January 1, 2015.

8.06    <u>Assumption of Liabilities</u>.    The liability for and obligation to make the distributions required under the Plan, shall be assumed by the Debtors which shall have the liability for and obligation to make all distributions of property under the Plan.

8.07    <u>Avoidance Actions</u>.    Causes of action assertable by the Debtors pursuant to Bankruptcy Code §§ 542, 543, 544, 545, 547, 548, 549, 550, or 553 shall, except as otherwise provided in the Plan, be retained by the Debtors.  Any net recovery realized by a Debtor on account of such causes of action, shall be the property of the Debtors.

**RESPECTFULLY SUBMITTED** this 17th day of December, 2014.

*/s/ L. William Porter III*
L. William Porter III
Florida Bar No. 0116882
BOGIN, MUNNS & MUNNS, P.A.
2601 Technology Drive
Orlando, Florida 32804
Telephone:  407-578-1334
Facsimile:  407-578-4444
Primary E-mail: bporter@boginmunns.com
Secondary E-mail: bmmservice@boginmunns.com
*Counsel for Debtor/Plan proponent*